ADAMS v. BROWN et al.

In re COLLINS.

(Circuit Court of Appeals, Fourth Circuit. September 14, 1915.)

No. 1337.

1. BANKRUPTCY ☞341—ORDERS—EFFECT.

Two petitions in bankruptcy, one against a partnership and the other against a member of the firm, were referred to the same referee and consolidated under a joint title. Numerous claims, some against the firm and some against the member personally, were filed, and the referee, who listed the claims indiscriminately, entered an order allowing them. *Held* that, as the personal estate was not liable for partnership claims, the order of allowance was not an allowance of claims of creditors against both estates, but only against that estate which they proved, so where petitioners, though their claim was both against the partnership and the member, only proved against the partnership, their claim against the member was not allowed.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 516, 528; Dec. Dig. ☞341.]

2. BANKRUPTCY ☞330—CLAIMS—PROOF OF CLAIMS.

Petitioners, who had a claim against a partnership on a note which was indorsed by one member of the firm, as well as on an open account, filed proof of claim upon bankruptcy of the partnership and the member, which included both items and did not indicate that petitioners had any claim against the member, except as a member of the firm, or show his individual bankruptcy. *Held* that, notwithstanding the note indorsed by the member was attached to the claim, there was no proof of claim against the individual estate of the member.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 517, 519, 521; Dec. Dig. ☞330.]

Appeal from the District Court of the United States for the Northern District of West Virginia, at Parkersburg, in Bankruptcy; Alston G. Dayton, Judge.

In the matter of the bankruptcy of Creed Collins individually and as a member of the partnership of the Collins Company. Petition by Miles M. Brown and George R. Hill, late partners trading as Brown & Hill, against Homer Adams, as trustee. From a decree reversing the decision of the referee, the trustee appeals. Decree reversed.

S. A. Powell and Sherman Robinson, both of Harrisville, W. Va., for appellant.

W. B. Maxwell and E. L. Maxwell, both of Elkins, W. Va., for appellees.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

KNAPP, Circuit Judge. On the 8th of October, 1908, Creed Collins was adjudicated bankrupt both as an individual and also as a member of the partnership known as the Collins Company, composed of Creed Collins, Charles W. Sprinkle, and Elbert M. Bonner. At the first meeting of creditors on the 26th of that month, the appellant, Homer Adams, was appointed trustee, and numerous claims were proven and allowed generally by the referee in bankruptcy, without

distinction between claims against Collins individually and those against the partnership. The following is the proof of debt then made by the appellees, Brown & Hill:

"In the Matter of Creed Collins as an Individual and as a Member of the Partnership of the Collins Company, Composed of Creed Collins, Charles W. Sprinkle, and Elbert M. Bonner, Bankrupt.

"In Bankruptcy.

"At Elkins, in Randolph county, in the Northern district of West Virginia, on the 24th day of October, A. D. 1908, came Miles M. Brown, of Elkins, in the county of Randolph, in said Northern district of West Virginia, and made oath and says: That Creed Collins, as a member of the firm of the Collins Company, composed of Creed Collins, Charles W. Sprinkle, and Elbert M. Bonner, the person by whom a petition for adjudication of bankruptcy has been filed, was at and before the filing of said petition, and still is, justly and truly indebted to the firm of Brown & Hill, which firm is composed of deponent and George R. Hill, and that said firm of Brown & Hill is engaged in business at Montes, in said county and district, and that said Collins Company was at and before the filing of said petition and still is justly indebted to said firm of Brown & Hill in the sum of $2,041.40, evidenced by a negotiable note bearing date March 6, A. D. 1908, payable 60 days after the date thereof at the Farmers' & Merchants' Bank of Pennsboro, Pennsboro, W. Va., protested at maturity and protest fees thereon, amounting to the sum of $1.55, making the aggregate amount of said note and protest fees the sum of $2,042.59, with interest thereon from the 5th day of May, A. D. 1908. Also in the further sum of $253.50 evidenced by an open account for one car load of hemlock lumber shipped by said Brown & Hill to said Collins Company on April 24, A. D. 1908, payable 60 days after date, but subject to a credit by the freight thereon, amounting to the sum of $51, making the balance due upon said account the sum of $202.50, as of June 24, A. D. 1908, and with interest thereon from said date last aforesaid. That no part of said debts have been paid, and that no note has been received for said account, or any judgment rendered for said note or said account. That there are no set-offs or counterclaims to the same, nor have said Brown & Hill, nor any person to their order or to the knowledge or belief of affiant, or for the use of said Brown & Hill, had or received any manner of security for the said debts whatever.

"[Signed]    Miles M. Brown, Affiant."

At a meeting of creditors on June 21, 1909, the order of October 26, 1908, allowing the claims generally, was set aside, and two orders entered, which in effect (1) reallowed the original claims with the addition of interest, which had not been at first included, and (2) separated the claims into two classes, namely, those proven against the individual estate of Collins and those proven against him as a member of the Collins Company. As the claim of Brown & Hill was regarded as proven only against Collins as a member of the firm, it was listed with the partnership proofs, and was not then or thereafter recognized by the trustee as proven against Collins individually.

In the course of administration, and at meetings regularly called for that purpose, dividends amounting in all to 65 per cent. were allowed from the individual estate of Collins, but it turned out that the assets of the partnership were sufficient for only a nominal dividend. In this situation, Brown & Hill claiming the right to dividends from the individual estate under their original proof of debt, and the trustee denying their right to such dividends, the matter was referred to the referee, who decided, in May, 1913, that the proof made by Brown

226 F.—44

& Hill was insufficient as a proof of claim against the individual estate and ordered that the same be not allowed to participate in the distribution of the proceeds of the individual property of Collins until all the individual claims proven and allowed against him had been paid in full. Afterwards, and on or about the 1st of August, 1913, Brown & Hill filed their petition in the District Court for an order directing the referee "to restore your petitioners to all their rights under" the order of October 26, 1908, which allowed generally the claims proven and filed on that day, and to further direct the payment to them of their proper dividends from the personal assets of Collins. The District Court, after hearing, reversed the order of the referee, so far as it related to the amount due on the note of the Collins Company, and referred the matter back with instructions to allow that portion of the claim to share in the distribution of the individual assets of Collins as well as in the distribution of the assets of the Collins Company. From this decision the trustee appealed to this court.

[1, 2] The whole controversy turns upon the proof of debt by the appellees, above set forth, and the rights secured to them when their claim was "allowed" in the order of October 26, 1908, and all other questions may be disregarded. The learned District Judge says in his opinion, after reciting the various steps prior to the making of this order:

"No objection to this claim was at the time made, and thereupon the referee entered an order allowing the full amount thereof of both note and open account against the personal estate of Creed Collins."

If this was true as a matter of fact, or if such was the legal effect of the order then made by the referee, the court below was right in holding that Brown & Hill are entitled to their distributive share of the bankrupt's individual estate. But we are unable to see how this construction can be given to the order in question, and the contention of the appellees rests upon no other basis. What happened was this: There were two petitions in bankruptcy, one against Collins individually, the other against the partnership. Both were referred to the same referee and consolidated under a joint title. Numerous creditors were present at the first meeting, some with claims against Collins personally, others with claims against the firm of which he was a member. Proofs of debt to a large amount in the aggregate were made by both classes of creditors, and the referee entered an order which begins with stating that "the following is a list of creditors who have this day proven their claims," lists the creditors indiscriminately by name, residence, and amount of debt, and concludes by saying:

"There being no objection to any of the above claims, they are hereby allowed."

Taking into account the language of this order and the circumstances under which it was made, it seems to us entirely unwarranted to ascribe to it the effect of making the proof of a partnership debt operate also as proof of a debt against Collins individually. In point

of fact Collins was liable upon the note in question in both capacities, for it was made by his firm and personally indorsed by him, and the holders had the undoubted right to prove their claim against the firm which made the note and also against the individual member who indorsed it. But it does not follow, and we perceive no ground upon which it can be held, that proof which was limited to a statement of the partnership obligation of the maker can be accepted and treated as proof against the indorser. When the referee allowed the claims proven at this meeting, he allowed them simply as they were proved, whether against the individual or the partnership. If a creditor proved a claim against Collins personally it was allowed as such, and if proof was made of a partnership claim it was so allowed, and not otherwise. It seems plain to us that the referee allowed and intended to allow the claims presented *according to the proof made by the respective creditors,* and that the order of allowance did not and could not have the effect of so enlarging or extending the proof made by any creditor as to clothe him with rights not set forth or asserted in his proof of debt.

That the proof made by appellees is limited to a partnership obligation seems evident upon inspection. It contains nothing from first to last which suggests the intention to prove a claim against Collins individually, as an indorser of the note described in the affidavit, and all the matters stated in the several allegations have reference solely to a partnership liability. The name of Collins is not mentioned in the description of the note, and there is no indication in the proof of debt filed, aside from the title, that they had any claim against Collins, except as a member of the Collins Company, or even that he was individually bankrupt. It will be observed that the claim consists of two items, a note of the Collins Company, and an open account for lumber sold and delivered to that firm. There is no pretense that Collins was personally liable for the open account, though he was in fact liable on the note because of his individual indorsement.

In the proof of appellees no distinction is made, with respect to the liability of Collins, between these two items, and no intimation appears that the appellees sought to make him personally liable for one part of their debt any more than the other. It is manifest, therefore, that if this was a sufficient proof of personal liability on the note it was equally so as to the open account, and it necessarily follows, if the contention of appellees is well founded, that the referee allowed as a claim proven against Collins individually the amount of the open account for which it is conceded he was never in any way responsible. It is true that the note was attached to the proof, and the note showed that Collins had individually indorsed it; but his liability as an indorser, a liability of entirely distinct nature from that of a maker, was not proved, as the Bankruptcy Act requires a claim to be proved, by merely attaching the note to the affidavit, when the affidavit itself in no way purported or attempted to establish an individual claim against him because of his indorsement. For aught that appears the appellees could have proved a claim against Col-

lins individually as indorser of the note, if they had desired to do so; but they chose for some reason, perhaps from mere inadvertence or oversight; to limit their proof respecting the note to a claim of partnership liability, and there is no warrant for the courts to so expand it as to accord to them rights which they did not originally assert. They must be. held to have proved only a partnership debt and are not entitled on that proof to share in the distribution of the bankrupt's individual estate.

It follows that the decree appealed from, so far as it directs that the appellees be allowed to share in the distribution of the individual assets of Collins, must be reversed, and the case remanded for further proceedings not inconsistent with this opinion.

Reversed.